NOT FOR PUBLICATION
File Name: 05a0915n.06
Filed: November 17, 2005

NO. 04-3980

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FRAN SHQUTAJ,

      Petitioner,

v.                                                                                  ON APPEAL FROM THE
                                                                                        BOARD OF IMMIGRATION
ALBERTO GONZALES,                                            APPEALS
Attorney General of the United States,

      Respondent.

_____/

BEFORE:  KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.

**SUHRHEINRICH, J.,** Petitioner Fran Shqutaj appeals the Order of the Board of

Immigration Appeals affirming, without opinion, the Order of the immigration judge denying

Shqutaj's motion to reopen his removal proceedings.  For the following reasons, the petition for

review is **DENIED**.

**I.**

Fran Shqutaj arrived in the United States at or near Laredo, Texas on April 4, 2001.  Two

days later, the U.S. Department of Justice issued Shqutaj a Notice to Appear before an immigration

judge to show why he should not be removed for being an alien present in the United States without

having been admitted or paroled.

At his first appearance before the immigration judge, Shqutaj admitted the factual allegations

contained in the Notice to Appear and conceded his removability as charged.  He later applied for

asylum, withholding of removal, and protection under the Convention Against Torture.

At the hearing on the merits of his applications, Shqutaj was represented by counsel and was provided with a court-appointed Albanian language interpreter. The government offered Shqutaj 120 days of voluntary departure in exchange for his dismissal of all applications, his waiver of appeal, and his voluntarily departure. After learning that Shqutaj discussed the agreement with counsel "in detail in a language [Shqutaj] knows and understands," and after personally advising Shqutaj of the terms of the voluntary departure, the immigration judge entered an order consistent with the parties' agreement.

More than a month after the deadline for his voluntary departure, Shqutaj filed a motion to reopen his removal proceedings. He alleged that he "did not fully understand his rights when he agreed to voluntary departure." Shqutaj made no factual or legal argument in support of his motion. The only evidence submitted was his own affidavit, which was nothing more than a restatement of his allegations that he did not understand his rights and that the proceeding was incorrectly translated. The immigration judge denied the motion.

Shqutaj timely appealed to the Board of Immigration Appeals ("BIA"). In his brief in support of his appeal to the BIA, Shqutaj failed to make any factual or legal argument, again merely iterating his claims that he did not understand his rights and that the proceeding was incorrectly translated. The BIA affirmed, without opinion, the immigration judge's decision. Shqutaj timely filed a petition for review with this Court.

**II.**

Shqutaj has raised the following two issues on appeal: (1) whether the immigration judge erred in denying Shqutaj's motion to reopen his removal proceedings; and (2) whether the

immigration judge violated Shqutaj's due process rights by not properly advising Shqutaj of the consequences of taking voluntary departure.

Because the BIA affirmed the immigration judge's decision without opinion, the immigration judge's decision is the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4)(B)(ii). Thus, this Court will review the decision of the immigration judge directly. *Denko v. INS*, 351 F.3d 717, 723, 726 (6th Cir. 2003). The denial of a motion to reopen is reviewed for abuse of discretion.[1] *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Denko*, 351 F.3d at 723. "An abuse of discretion can be shown when the [immigration judge] or [the BIA] offers no 'rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination . . . .'" *Denko*, 351 F.3d at 723 (quoting *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)) (third and fourth alterations in original); *see also Daneshvar v. Ashcroft*, 355 F.3d 615, 625-26 (6th Cir. 2004) (stating that the BIA abuses its discretion when it exercises it "in a way that is arbitrary, irrational or contrary to law"). The due process claim is reviewed de novo. *Akhtar v. Gonzales*, 406 F.3d 399, 408 (6th Cir. 2005); *Denko*, 351 F.3d at 726.

**A.**

Petitioner's brief is required to contain an argument section, "which must contain

---

[1]While the focus of this opinion is whether the immigration judge abused her discretion, Shqutaj separately claims that the BIA abused its discretion. The BIA abuses its own discretion when it "does not perform its duty to 'review the record and assess the [immigration judge]'s conclusions.'" *Denko*, 351 F.3d at 728 (quoting *Tukowinich v. INS*, 64 F.3d 460, 463 (9th Cir. 1995)). Shqutaj, like Denko, points to no evidence that the BIA failed to conduct proper review. *See id.* (citing *Albathani v. INS*, 318 F.3d 365, 379 (1st Cir. 2003) ("We are not willing . . . in the absence of [] evidence [of systemic violation by the BIA of its regulations] to infer . . . that the required review is not taking place." (alterations in original))). Because "[w]e will not assume . . . a complete break-down in the system in the absence of tangible evidence to support such a conclusion," *id.* at 729, we find that the BIA did not abuse its discretion.

[petitioner's] contentions and the reasons for them, with citations to the authorities and parts of the record on which the [petitioner] relies." Fed. R. App. P. 28(a)(9). As was the case before the immigration judge and the BIA below, however, Shqutaj has made no legal or factual argument in support of his claims. The argument section of his brief comprises all of one page. There is not a single reference to the record, and the only legal citation in his argument is to section 240 of the Immigration and Nationality Act, which permits an alien to file a motion to reopen. Shqutaj's entire argument can be properly characterized as nothing more than a restatement of the issues.

Where the petitioner's brief lacks legal or factual argument, this Court will not examine the record and construct an argument on petitioner's behalf. *See Cruz v. Am. Airlines, Inc.*, 356 F.3d 320, 333-34 (D.C. Cir. 2004) ("[The courts of appeals] are not self-directed boards of legal inquiry and research, but essentially arbiters of legal questions presented and argued by the parties." (internal quotation omitted)); *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1113 (1st Cir. 1993) ("We have consistently admonished litigants that they cannot simply present this court with a shopping list of arguments and then expect us to both develop and address each one."). "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000) (quoting *United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999)). Since Shqutaj merely raised issues in his brief without any attempt to argue them, those issues are deemed waived.[2]

_____

[2]By not raising it with the BIA below, Shqutaj has also waived the due process issue on yet another ground. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994) ("[A] petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process. . . . Given the opportunity, the BIA could have corrected any of the alleged procedural errors." (citing *Matter of Duran*, Interim Decision No. 3101; 1989 WL 331857, at *4 (BIA Mar. 23, 1989) (involving an "immigration judge's alleged failure to advise alien of his rights and other due process violations") (internal

-4-

**B.**

Even if a substantive review of the issues were necessary, Shqutaj would be unsuccessful. As for the immigration judge's denial of the motion to reopen, there is simply nothing in the record to warrant reversal. The immigration judge stated that "[t]he record in this case does not contain any evidence of incorrectly translated words, unresponsive answers or evidence of difficulty by [Shqutaj] in understanding what was said to him."  She also noted that

> [t]he interpreter used was certified in both dialects of the Albanian language and frequently appears before this Court.  This interpreter has always conducted himself in accord with the highest professional standards and has on other occasions advised the Court of any perceived problems with interpretation during the course of a proceeding.

(J.A. 20 n.1.[3]) Shqutaj did not object to the translation at the hearing.  He discussed the agreement with counsel, and, when questioned by the immigration judge, indicated that he understood the agreement and entered into it voluntarily. Again, the only evidence in support of the claim of incorrect translation is his own self-serving affidavit.[4]  Moreover, the motion to reopen was

quotation and other citations omitted))).

[3]The parties' Joint Appendix is misnumbered in two places.  It has no page 18 and has two page 51's.  As the missing page causes no ambiguities, it is left unchanged.  All page references starting with the second page 51, however, are identified using what would be the correct numbering.  For example, the second page 51 will be identified as page 52, page 52 as it appears in the Joint Appendix will be identified as page 53, etc.

[4]In light of the fact that Shqutaj said at the hearing that he understood his rights as read to him by the immigration judge, that counsel assured the immigration judge that he discussed the agreement with Shqutaj "in detail in a language [Shqutaj] knows and understands," and that Shqutaj has not pointed to any credible evidence to refute these facts, we need not conduct even cursory review of the claim that Shqutaj did not understand the effect of agreeing to voluntary departure. We do note, however, that our research did not turn up a single case in which a court has ruled that an alien's misunderstanding of the consequences of voluntary departure was sufficient to grant a motion to reopen.  But even if there were such a case, "[t]he Immigration Judge has discretion to deny a motion to reopen even if the moving party has established a prima facie case for relief."  8 C.F.R. § 1003.23(b)(3).

unaccompanied by any meaningful argumentation. We conclude, therefore, that the immigration judge did not abuse her discretion in denying Shqutaj's motion to reopen.

Shqutaj also claims he was denied due process by not being properly advised of the consequences of taking voluntary departure. Aliens are entitled to due process in removal hearings. *See Reno v. Flores*, 507 U.S. 292, 306 (1993). While this means they must receive a "full and fair hearing," a violation of due process does not occur absent a finding of specific prejudice. *Castellano-Chacon v. INS*, 341 F.3d 533, 553 (6th Cir. 2003). "[G]eneral statements that fail to identify any specific prejudice resulting from the [immigration judge]'s procedure" are insufficient. *Id.* Shqutaj cites no authority to support his theory that failure to properly advise an alien of the consequences of taking voluntary departure rises to the level of a denial of due process. Our own research failed to uncover a single case that supports such a claim. Shqutaj similarly does not say how he was prejudiced by the alleged denial of due process. In any event, the record is clear that the immigration judge did, in fact, advise Shqutaj of the consequences of agreeing to voluntary departure.[5] The due process claim as presented lacks any basis in law or fact. We therefore reject

---

[5]

JUDGE TO SHQUTAJ
Q.     Mr. Shqutaj, your attorney tells me that you are withdrawing your application for asylum? And accepting an offer made to you by the Government that is of 120 days of voluntary departure? Which is otherwise not available to you. Is that correct?
A.     Yes.
Q.     And sir, you understand that by withdrawing your application the court will not consider a new application unless you can show us substantial change in circumstances from those which you have stated today?
A.     Yes.
Q.     And sir, are you doing this freely and voluntarily?
A.     Yes.
Q.     No one has promised you anything other than 120 days voluntary departure? Is that correct?
A.     Yes.

-6-

this argument and affirm the decision of the immigration judge and the BIA.

## III.

For the foregoing reasons, the petition for review is **DENIED**.

---

Q.    No one has threatened you, sir.  Is that correct?
A.    No.
. . . .
Q.    Sir, you will be barred from certain relief for 10 years.  That is sir, voluntary departure, cancellation of removal, and the legal ability to change or adjust you immigration status.  Sir, you will be subject to a civil monetary penalty of not less than $1000 and not more than $5000.  Do you understand?
A.    Yes.

(J.A. 51-52.)